**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 2:10-CV-02637 KHV-KMH |
| VITA CRAFT CORPORATION, MAMORU | ) | |
| IMURA, and THERMAL SOLUTIONS, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT VITA CRAFT CORPORATION'S ANSWER AND COUNTERCLAIMS**

**ANSWER**

Defendant Vita Craft Corporation ("Vita Craft") by its undersigned attorneys, for its Answer to Plaintiff Hartford Fire Insurance Company's ("Hartford") Complaint for Declaratory Judgment ("Complaint"), responds and avers as follows:

**ANSWER TO
PARTIES**

1.      Vita Craft is without sufficient knowledge to admit or deny the allegations of paragraph 1 and, therefore, denies the same.

2.      Vita Craft admits the allegations of paragraph 2.

3.      Vita Craft admits the allegations of paragraph 3.

4.      Vita Craft is without sufficient knowledge to admit or deny the allegations of paragraph 4 and, therefore, denies the same.

**ANSWER TO
JURISDICTION AND VENUE**

5.      Vita Craft admits the allegations of paragraph 5.

6.      Vita Craft admits the allegations of paragraph 6.

7.     Vita Craft admits the allegations of paragraph 7.  Vita Craft adds that the only justiciable issue in controversy is limited to the issue of Hartford's duty to defend Vita Craft in the TSI Lawsuit.  Based on the presently pled allegations and the current status of the TSI Lawsuit whether Hartford has a duty to indemnify is premature, speculative and unfit for judicial decision and should be dismissed without prejudice.

8.     Vita Craft admits that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, but lacks sufficient information to admit or deny the remaining allegations of paragraph 8 and, therefore, denies the same.

9.     Vita Craft admits the allegations of paragraph 9.

## ANSWER TO
## UNDERLYING LAWSUIT

10.     Vita Craft has no knowledge of a lawsuit styled "Coyne's & Company, Inc. v. Enesco, LLC" and therefore denies the allegations of paragraph 10.

11.     Vita Craft admits the allegations of paragraph 11.

12.     Vita Craft respectfully refers the Court to the copy of the First Amended Complaint in the TSI Lawsuit, annexed to the Hartford Complaint (Doc. 1) as **Exhibit A** for a complete and accurate statement of its allegations, and in all other respects denies the allegations of paragraph 12.

13.     Vita Craft respectfully refers the Court to the copy of the First Amended Complaint in the TSI Lawsuit annexed to the Hartford Complaint as **Exhibit A** for a complete and accurate statement of its allegations, and in all other respects denies the allegations of paragraph 13.

14.     Vita Craft respectfully refers the Court to the copy of the First Amended Complaint in the TSI Lawsuit annexed to the Hartford Complaint as **Exhibit A** for a complete

and accurate statement of its allegations, and in all other respects denies the allegations of paragraph 14.

15.     Vita Craft respectfully refers the Court to the copy of the First Amended Complaint in the TSI Lawsuit annexed to the Hartford Complaint as **Exhibit A** for a complete and accurate statement of its allegations, and in all other respects denies the allegations of paragraph 15.

16.     Vita Craft admits that Count IV of the First Amended Complaint of the TSI lawsuit is titled "Patent Infringement."  Vita Craft further respectfully refers the Court to the copy of the First Amended Complaint in the TSI Lawsuit annexed to the Hartford Complaint as **Exhibit A** for a complete and accurate statement of its allegations.

17.     Vita Craft admits that Count V of the First Amended Complaint of the TSI Lawsuit is titled "Misappropriation of Trade Secrets."  Vita Craft further respectfully refers the Court to the copy of the First Amended Complaint in the TSI Lawsuit annexed to the Hartford Complaint as **Exhibit A** for a complete and accurate statement of its allegations.

18.     Vita Craft admits that Count VI of the First Amended Complaint of the TSI Lawsuit is titled "Common Law Unfair Competition" and admits that the count refers to conduct of Vita Craft as constituting unfair competition in violation of the common law of the State of Kansas.  Vita Craft further states that, in support of its theories of liability, the TSI Lawsuit alleges that Vita Craft engaged in disparaging conduct that allegedly harmed TSI.   Vita Craft respectfully refers the Court to the copy of the First Amended Complaint in the TSI Lawsuit annexed to the instant Complaint as **Exhibit A** for a complete and accurate statement of its allegations, including paragraphs 21 and 22 which are incorporated by reference into Count VI.

CC 2327830v4

19.     Vita Craft admits that Count VII of the First Amended Complaint of the TSI Lawsuit is titled "Breach of Contract—Mamoru Imura's Promise to Compensate TSI for Panasonic's Unauthorized Disclosures."  Vita Craft respectfully refers the Court to the copy of the First Amended Complaint annexed to the instant Complaint as **Exhibit A** for a complete and accurate statement of its allegations, and in all other respects denies the allegations of paragraph 19.

20.     Vita Craft admits that the TSI Lawsuit seeks various types of relief, including declaratory relief, injunctive relief, specific performance, compensatory damages in excess of $75,000, exemplary damages, punitive damages and attorneys' fees.  Vita Craft respectfully refers the Court to the copy of the First Amended Complaint in the TSI Lawsuit annexed to the instant Complaint as **Exhibit A** for a complete and accurate statement of the relief sought therein, and in all other respects denies the allegations of paragraph 20.

## ANSWER TO
## THE HARTFORD POLICIES

21.     Vita Craft admits that Hartford issued the following primary liability insurance policies to it (collectively referred to as the "Primary Policies"):

a.      Policy No. 21 UUN UV9177, effective December 31, 2003 through December 31, 2004 ("12/31/03-12/31/04 Primary Policy"); A true and correct copy of the 12/31/03-12/31/04 Primary Policy is attached hereto as **Exhibit 1**.

b.      Policy No. 83 UUN TT0301, effective December 31, 2004 through December 31, 2005 ("12/31/04-12/31/05 Primary Policy"); A true and correct copy of the 12/31/2004-12/31/2005 Primary Policy is attached hereto as **Exhibit 2**.

4

c.      Policy No. 37 UUN AK5161, effective April 6, 2005 through December 31, 2005 ("04/06/05-12/31/05 Primary Policy"); A true and correct copy of the 04/06/05-12/31/05 Primary Policy is attached hereto as **Exhibit 3**.

d.      Policy No. 37 UUN AK5161, effective December 31, 2005 through December 31, 2006 ("12/31/05-12/31/06 Primary Policy"); A true and correct copy of the 12/31/05-12/31/06 Primary Policy is attached hereto as **Exhibit 4**; and

e.      Policy No. 37 UUN AK5161, effective December 31, 2006 through December 31, 2007 ("12/31/06-12/31/07 Primary Policy").  A true and correct copy of the 12/31/06-12/31/07 Primary Policy is attached hereto as **Exhibit 5**.  Vita Craft denies all other allegations of paragraph 21.

22.      Vita Craft admits that Hartford issued the following umbrella liability insurance policies to it (collectively referred to as the "Umbrella Policies"):

a.      Policy No. 21 XHU UV9155, effective December 31, 2003 through December 31, 2004 ("12/31/03-12/31/04 Umbrella Policy"); A true and correct copy of the 12/31/03-12/31/04 Umbrella Policy is attached hereto as **Exhibit 6**.

b.      Policy No. 83 XHU TT0277, effective December 31, 2004 through December 31, 2005 ("12/31/04-12/31/05 Umbrella Policy); A true and correct copy of the 12/31/04-12/31/05 Umbrella Policy is attached hereto as **Exhibit 7**.

c.      Policy No. 37 XHU AK3218, effective April 6, 2005.  Vita Craft adds that this policy was effective through April 6, 2006, as opposed to December 31, 2005, as stated by Hartford in the Complaint ("04/06/05-04/06/06 Umbrella Policy"); A true and correct copy of the 04/06/05-04/06/06 Umbrella Policy is attached hereto as **Exhibit 8**.

d.      Policy No. 37 XHU IQ0478, effective December 31, 2005 through December 31, 2006 ("12/31/05-12/31/06 Umbrella Policy"); A true and correct copy of the 12/31/05-12/31/06 Umbrella Policy is attached hereto as **Exhibit 9**; and

e.      Policy No. 37 XHU IQ0478, effective December 31, 2006 through December 31, 2007 ("12/31/06-12/31/07 Umbrella Policy").  A true and correct copy of the 12/31/06-12/31/07 Umbrella Policy is attached hereto as **Exhibit 10**.  Vita Craft denies all other allegations of paragraph 22.

23.      Vita Craft respectfully refers the Court to the copies of the 12/31/03-12/31/04, 12/31/04-12/31/05 and 04/06/05-12/31/05 Primary Policies attached hereto as **Exhibits 1 through 3** for a complete and accurate statement of their terms, and in all other respects denies the allegations of paragraph 23.

24.      Vita Craft respectfully refers the Court to the copies of the 12/31/05-12/31/06 and 12/31/06-12/31/07 Primary Policies attached hereto as **Exhibits 4 and 5** for a complete and accurate statement of their terms, and in all other respects denies the allegations of paragraph 24.

25.      Vita Craft respectfully refers the Court to the copies of the Primary Policies attached hereto as **Exhibits 1 through 5** for a complete and accurate statement of their terms, and in all other respects deny the allegations of paragraph 25.

26.      Vita Craft respectfully refers the Court to the copies of the 12/31/04-12/31/05, 04/06/05-12/31/05, 12/31/05-12/31/06 and 12/31/06-12/31/07 Primary Policies attached hereto as **Exhibits 2 through 5** for a complete and accurate statement of their terms, and in all other respects denies the allegations of paragraph 26.  Vita Craft adds that the copies of the policies attached hereto do not contain any such endorsement titled "Exclusion—Foreign Products."

CC 2327830v4

27.     Vita Craft respectfully refers the Court to the copies of the 12/31/03-12/31/04 and 12/31/04-12/31/05 Umbrella Policies attached hereto as **Exhibits 6 and 7** for a complete and accurate statement of their terms, and in all other respects denies the allegations of paragraph 27.

28.     Vita Craft Defendants respectfully refer the Court to the copies of the 04/06/05-04/06/06, 12/31/05-12/31/06 and 12/31/06-12/31/07 Umbrella Policies attached hereto as **Exhibits 8 through 10** for a complete and accurate statement of their terms, and in all other respects denies the allegations of paragraph 28.

## ANSWER TO
## GROUNDS FOR DECLARATORY JUDGMENT

29.     In answer paragraph 29 of the Complaint, Vita Craft incorporates by reference its statements, admissions and denials to the preceding paragraphs of this Answer, as if they were set out fully herein.

30.     Vita Craft denies the allegations of paragraph 30.

31.     Vita Craft denies the allegations of paragraph 31 and adds that the allegations related to "spreading false rumors" in the TSI Lawsuit fall squarely within the definition of "personal and advertising injury" in the Hartford policies.

32.     Vita Craft denies the allegations of paragraph 32 and adds that the First Amended Complaint asserts claims regarding "spreading false rumors" related to TSI's goods, products or services and seeks compensatory damages arising out of the same.

33.     Vita Craft admits that the First Amended Complaint does not specifically allege "copying, in your 'advertisement, a person's or organizations 'advertising idea' or style of advertisement,'" but denies the allegation that the First Amended Complaint does not allege "personal and advertising injury" and all other allegations contained in paragraph 33.  Vita Craft

CC 2327830v4

adds that the allegations regarding "spreading false rumors" in the First Amended Complaint fall squarely within the definition of "personal and advertising injury" found in the Primary Policies.

34.     Vita Craft admits that the First Amended Complaint does not specifically allege "infringement of copyright, slogan, or title of any literary or artistic work, in your 'advertisement,'" but denies the allegation that the First Amended Complaint does not allege "personal and advertising injury," and all other allegations contained in of paragraph 34.  Vita Craft adds that the allegations regarding "spreading false rumors" in the First Amended Complaint fall squarely within the definition of "personal and advertising injury" found in the Primary Policies.

35.     Vita Craft denies the allegations of paragraph 35.

36.     Vita Craft admits that one or more of the Primary Policies contains an exclusion for material first published prior to the policy period, but denies the applicability of any such exclusion to the present matter and all other allegations of paragraph 36.

37.     Vita Craft denies the allegations of paragraph 37.

38.     Vita Craft admits that the Primary Policies contain an exclusion for certain intellectual property infringement claims, but denies that such exclusion impacts Hartford's obligation to defend Vita Craft in the TSI Lawsuit.  In all other respects, Vita Craft denies the allegations of paragraph 38.

39.     Vita Craft admits the First Amended Complaint alleges that Mamoru Imura resides in Japan.  In all other respects, Vita Craft denies the allegations of paragraph 39.

40.     Vita Craft denies the allegations of paragraph 40.

41.     Vita Craft denies the allegations of paragraph 41 and adds that the only justiciable issue in controversy is Hartford's duty to defend Vita Craft in the TSI Lawsuit.  Based on the

CC 2327830v4

presently pled allegations and the current status of the TSI lawsuit, Hartford's duty to indemnify is premature, speculative and unfit for judicial decision and should be dismissed without prejudice.

42.     Vita Craft admits that there is a real, substantial and justiciable issue in controversy regarding Hartford's duty to defend Vita Craft in the TSI Lawsuit and at what time that duty was triggered.  Vita Craft adds that the separate issue of Hartford's duty to indemnify is premature, speculative and unfit for judicial decision and should be dismissed without prejudice and otherwise denies the allegations contained in Paragraph 42.

43.     For further answer, Vita Craft states that Hartford's Complaint fails to state a claim upon which relief may be granted.

44.     For further answer, Vita Craft denies each and every allegation and averment of the Complaint unless it is expressly admitted herein.

<u>**AFFIRMATIVE DEFENSES**</u>

Vita Craft alleges and asserts the following additional and affirmative defenses, reserving its right to assert other defenses when and if they become appropriate.

<u>**First Defense**</u>

Hartford has failed to state a claim upon which relief can be granted.

<u>**Second Defense**</u>

Hartford's request for declaratory relief on the issue of the duty to indemnify is premature and not ripe for determination because the TSI Lawsuit is ongoing; Vita Craft's potential liability is speculative and Hartford's present duty to indemnify is speculative; thus, the indemnity issue is presently unfit for judicial decision and should be dismissed without prejudice.

CC 2327830v4

**Third Defense**

Hartford's claims and/or defenses are barred by waiver, estoppel, laches and unclean hands.

**Fourth Defense**

Hartford breached its contractual obligations to Vita Craft, thereby releasing Vita Craft from compliance with any conditions.

**Fifth Defense**

Hartford did not give timely and adequate notice of reliance upon policy terms such as those described in the Complaint, to the detriment of Vita Craft.

**Sixth Defense**

Hartford failed to provide Vita Craft with an adequate and timely explanation for the true basis of its coverage denial based upon the allegations of the First Amended Complaint, to the detriment of Vita Craft.

**Seventh Defense**

Vita Craft reserves the right to assert such other and further affirmative defenses of which it subsequently learns through discovery or otherwise.

WHEREFORE, having fully answered Hartford's Complaint, Vita Craft prays that the Court deny Hartford's request for declaratory relief on the premature indemnity issue; declare that Hartford is obligated to defend Vita Craft in the TSI Lawsuit; and award Vita Craft its costs, expenses and attorneys' fees incurred herein, based in part on K.S.A. § 40-256, and grant to Vita Craft such other and further relief as the Court deems just and proper.

CC 2327830v4

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff Vita Craft Corporation ("Vita Craft") for its Counterclaims against Plaintiff/Counterclaim Defendant Hartford Fire Insurance Company ("Hartford") states and alleges as follows:

## PARTIES AND JURISDICTION

1.      Vita Craft incorporates by reference its statements, admissions and denials in the preceding paragraphs of its Answer to the Complaint, as if they were set out herein.

2.      Vita Craft is a corporation organized and existing under the laws of the State of Kansas and has its principal place of business at 11100 West 58th Street, Shawnee, Johnson County, Kansas, 66203.  Vita Craft is qualified to do business in Kansas and is in good standing under the laws of the State of Kansas.

3.      Upon information and belief, Hartford is a corporation organized and existing under the laws of the State of Connecticut and has its principal place of business in the State of Connecticut.

4.      This is an insurance coverage action for declaratory relief, breach of contract, and breach of the covenant of good faith and fair dealing regarding Hartford's partial refusal to defend Vita Craft in the HR Technology, Inc. (f/k/a Thermal Solutions, Inc.) lawsuit styled HR Technology, Inc. v. Imura International U.S.A., Inc. et al., Case No. 2:08-cv-02220-JWL-DJW (hereafter the "TSI Lawsuit").

5.      The Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1332 and 1367.

6.      Venue is proper in this Court under 28 U.S.C. § 1391.

CC 2327830v4

## ALLEGATIONS COMMON TO ALL COUNTS

7.      Vita Craft has satisfied its obligations under the Hartford policies, including (but not limited to) full premium payment and timely notice of the TSI Lawsuit.

8.      Alternatively, Hartford has waived any coverage defense it may have based on non-payment of premium or failure to provide timely notice.

9.      Vita Craft notified Hartford of the TSI Lawsuit and demanded that Hartford defend it in the same by letter dated August 7, 2008, which enclosed a copy of TSI's First Amended Complaint (hereafter the "First Amended Complaint").

10.     Under the Primary Policies, Hartford agreed to "defend the insured against any 'suit' seeking" damages because of "'personal and advertising injury' to which this insurance applies. . . ." See **Exhibits 1 through 5**.

11.     Relevant to the subject claims, the Primary Policies insure against "personal and advertising injury" arising out of "oral, written or electronic publication or material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services." See **Exhibits 1 through 5**.

12.     The First Amended Complaint asserts claims of unfair competition and "spreading false rumors." See **Exhibit A** annexed to the Complaint.

13.     Because one or more claims alleged in the TSI Lawsuit is potentially covered, Hartford is required to defend the entire action.

14.     Hartford is obligated to pay Vita Craft for all of its un-reimbursed defense expenses in connection with the TSI Lawsuit.

15.     Hartford's duty to defend extends to suits based on groundless, false or fraudulent allegations.

CC 2327830v4

16.     The amounts that Hartford owes in defense costs and expenses are in addition to, and not subject to, the limits of its Primary Policies.

17.     Hartford denied it had a duty to defend the TSI Lawsuit on or about November 11, 2008, alleging, among other things that there was no allegation of "personal and advertising injury" in the First Amended Complaint.

18.     After Hartford denied coverage, Vita Craft attempted to persuade Hartford to reconsider its denial because the allegations in the TSI Lawsuit regarding "spreading false rumors" fell within the parameters of "personal and advertising injury" under the Primary Policies, triggering Hartford's duty to defend.   Examples of these communications are letters from Vita Craft's counsel to Hartford dated February 16, 2010 and July 19, 2010.

19.     By letter dated September 24, 2010, Hartford agreed to defend Vita Craft in the TSI Lawsuit, subject to a reservation of rights, but only from July 30, 2010 and forward.

20.     July 30, 2010 is the date Hartford claims it received the deposition transcript of Mr. Amil Ablah of TSI.

21.     Hartford claims that receipt of the Ablah deposition transcript triggered its duty to defend in the TSI Lawsuit.  A copy of the relevant portions of the Ablah deposition transcript on which Hartford relies is attached hereto as **Exhibit 11**.

22.     In its letter dated September 24, 2010, Hartford asserts that the allegations regarding "spreading false rumors" in the First Amended Complaint did not trigger its duty to defend as they were not potentially covered under the "personal and advertising injury" provisions of the Primary Policies.

CC 2327830v4

23.     Hartford asserts that "spreading false rumors" is not potentially covered disparagement.  Instead, Hartford claims the duty to defend Vita Craft and Mamoru Imura occurred after Hartford received the Ablah deposition transcript on July 30, 2010.

24.     The complaint in the TSI Lawsuit has not been amended since the First Amended Complaint, which was provided to Hartford on August 7, 2008.

25.     The Ablah deposition transcript does not conflict with the disparagement allegations set forth in the First Amended Complaint.

26.     The allegations regarding "spreading false rumors" in the First Amended Complaint provided at least the potential for coverage under the "personal and advertising injury" coverage of the Primary Policies, triggering Hartford's duty to defend.

## COUNT I :  DECLARATORY JUDGMENT FOR DEFENSE

27.     Vita Craft incorporates by reference the allegations contained in the preceding paragraphs of this Answer and Counterclaim, as if fully set forth herein.

28.     Hartford has, in bad faith and consistent with its routine business practices, breached its obligations as set forth in the Primary Policies sold to Vita Craft.  Specifically, Hartford has:

> (a)     Failed to investigate Vita Craft's coverage claims fairly or in a timely manner;
>
> (b)     Refused to accord any reasonable interpretation to the provisions in the Primary Policies, and refused to accord any reasonable application of such provisions to Vita Craft's coverage claims;
>
> (c)     Failed to provide Vita Craft with an adequate and timely explanation for the true basis of its initial denial of coverage, as evidenced by Hartford's subsequent acceptance of its duty to defend upon receipt of the deposition transcript of Amil Ablah which did not alter the allegations of the First Amended Complaint;

CC 2327830v4

(d)     Refused to undertake the defense of Vita Craft in the TSI Lawsuit before July 30, 2010, based upon the allegations in the First Amended Complaint; and

(e)     Refused to pay Vita Craft all otherwise un-reimbursed amounts incurred by Vita Craft in defense of the TSI Lawsuit.

29.     For each of the reasons enumerated in paragraph 28, Hartford has rejected and/or repudiated and breached its duty to defend Vita Craft.

30.     Vita Craft is entitled to have the Primary Policies interpreted in a reasonable manner that maximizes its insurance coverage and protects Vita Craft's' reasonable expectation of coverage.

31.     By reason of the foregoing, an actual and justiciable controversy exists between Vita Craft and Hartford regarding Hartford's obligation to pay the un-reimbursed defense costs it has incurred in connection with the TSI Lawsuit.

32.     Vita Craft thus seeks a judicial declaration by this Court of Hartford's obligation to defend Vita Craft  in the TSI Lawsuit and pay all un-reimbursed defense fees and costs incurred and to be incurred therein by Vita Craft.  For the foregoing reasons, such a judicial declaration is necessary and appropriate.

## COUNT II:  BREACH OF CONTRACT— REFUSAL TO DEFEND PRE-JULY 30, 2010

33.     Vita Craft incorporates by reference the allegations contained in the preceding paragraphs of its Answer and Counterclaim as if fully set forth herein.

34.     Vita Craft has incurred, or will incur in the future, damages arising out of Hartford's refusal to defend Vita Craft in the TSI Lawsuit before July 30, 2010.

35.     Hartford has, in bad faith and consistent with its routine business practices, breached of its duties and obligations under the Primary Policies by refusing to fully defend Vita Craft in the TSI Lawsuit.  Specifically, Hartford has:

15

(a)     Failed to investigate Vita Craft's coverage claims fairly or in a timely manner;

(b)     Refused to accord any reasonable interpretation to the provisions in the Primary Policies, and refused to accord any reasonable application of such provisions to Vita Craft's coverage claims;

(c)     Failed to provide Vita Craft with an adequate and timely explanation for the true basis of its initial denial of coverage, as evidenced by Hartford's subsequent acceptance of its duty to defend upon receipt of the deposition transcript of Amil Ablah which did not alter the allegations of the First Amended Complaint;

(d)     Refused to undertake the defense of Vita Craft in the TSI Lawsuit before July 30, 2010, based upon the allegations in the First Amended Complaint; and

(e)     Refused to pay Vita Craft all otherwise un-reimbursed amounts incurred by Vita Craft in defense of the TSI Lawsuit.

36.     For each of the reasons enumerated in paragraph 35, Hartford has rejected and/or repudiated and breached its duty to defend Vita Craft.

37.     Hartford has specifically denied coverage prior to its receipt of the deposition of Mr. Amil Ablah on July 30, 2010, and manifested an intent not to perform its coverage obligations under the Primary Policies, including Hartford's duty to defend and pay un-reimbursed defense costs incurred by Vita Craft in the TSI Lawsuit before July 30, 2010, and therefore is in breach of its contracts of insurance.

38.     Hartford's refusal to defend Vita Craft in the TSI Lawsuit prior to its receipt of the deposition of Mr. Ablah is arbitrary and capricious, as the allegations set forth in the First Amended Complaint give rise to a potential for coverage under the Primary Policies, triggering Hartford's duty to defend.

39.     As a direct and proximate result of these breaches, Hartford is liable to Vita Craft for damages in excess of $75,000 for all costs and fees incurred by Vita Craft through July 29, 2010 in defense of the TSI Lawsuit for which Vita Craft has not previously been reimbursed,

16

together with the costs and disbursements of this action, including, but not limited to, reasonable attorneys' fees and costs, based in part on K.S.A. 40-256, pre- and post-judgment interest, other consequential damages, punitive damages in such sum as the fact finder determines to be fair and reasonable under the circumstances and which will serve to punish Hartford and deter it from similar conduct in the future, and any such other relief that the Court deems just and proper.

## <u>COUNT III:  BREACH OF CONTRACT—REFUSAL TO PAY REASONABLE DEFENSE COSTS INCURRED AND TO BE INCURRED</u>

40.     Vita Craft incorporates by reference the allegations contained in the preceding paragraphs of its Answer and Counterclaim as if fully set forth herein.

41.     Vita Craft has incurred, and will incur in the future, damages arising out of Hartford's refusal to fully defend Vita Craft in the TSI Lawsuit.

42.     Hartford has, in bad faith and consistent with its routine business practices, breached its duties and obligations under the Primary Policies by refusing to fully defend Vita Craft in the TSI Lawsuit.  Specifically, Hartford has:

(a)     Failed to investigate Vita Craft's coverage claims fairly or in a timely manner;

(b)     Refused to accord any reasonable interpretation to the provisions in the Primary Policies, and refused to accord any reasonable application of such provisions to Vita Craft's coverage claims; and

(c)     Refused to pay Vita Craft  the un-reimbursed amounts incurred by Vita Craft in defense of the TSI Lawsuit.

43.     For each of the reasons enumerated in paragraph 42, Hartford has rejected and/or repudiated and breached its duty to defend Vita Craft.

44.     Although Hartford stated that it would defend Vita Craft in the TSI Lawsuit from July 30, 2010 forward, Hartford has refused to reimburse Vita Craft for the full amount of its otherwise un-reimbursed defense fees incurred since July 30, 2010.

45.     Vita Craft has used the same lead defense counsel, Lathrop & Gage LLP, to represent it in the TSI Lawsuit since the suit was filed in 2008.

46.     Defense counsel has charged Vita Craft its standard hourly rates in the TSI Lawsuit, which are reasonable for this type of litigation.

47.     Hartford refuses to pay Vita Craft's defense counsel their standard hourly rates in the TSI Lawsuit.

48.     Hartford has imposed a flat fee on the hourly rates of Vita Craft's defense counsel for each and every partner, each and every associate, and each and every paralegal working on the TSI Lawsuit.

49.     The hourly rates charged by Vita Craft's counsel exceed Hartford's flat fee hourly rates.

50.     The Primary Policies contain no language limiting Hartford's defense obligation to a particular hourly rate.

51.     If Vita Craft were forced to seek other defense counsel at this late stage in the litigation of the TSI Lawsuit, it would be severely prejudiced.

52.     Hartford has denied any obligation to pay Vita Craft the full, un-reimbursed amount incurred in defending the TSI Lawsuit.  In doing so, Hartford has refused to perform its coverage obligations under the Primary Policies, including its duty to defend and pay Vita Craft full, un-reimbursed defense costs incurred on or after July 30, 2010, and therefore is in breach of its contracts of insurance.

53.     As a direct and proximate result of these breaches, Hartford is liable to Vita Craft for damages in an amount yet to be ascertained for all costs of defense and other sums incurred by Vita Craft on or after July 30, 2010, or which may be incurred, together with the costs and

disbursements of this action, including, but not limited to, reasonable attorneys' fees and costs, based in part on K.S.A. 40-256, pre- and post-judgment interest, other consequential damages, punitive damages in such sum as the fact finder determines to be fair and reasonable under the circumstances and which will serve to punish Hartford and deter it from similar conduct in the future, and any such other relief that the Court deems just and proper.

### COUNT IV:  BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

54.     Vita Craft incorporates by reference the allegations contained in the preceding paragraphs of this Answer and Counterclaim as it they were set out fully herein.

55.     Hartford owes to Vita Craft a fiduciary obligation and a duty of good faith and fair dealing under the Hartford policies sold to Vita Craft.

56.     Hartford has, in bad faith and consistent with its routine business practices, breached of its duties and obligations under the Primary Policies by refusing to fully defend Vita Craft in the TSI Lawsuit.  Specifically, Hartford has:

    (a)    Failed to investigate Vita Craft's coverage claims fairly or in a timely manner;

    (b)    Refused to accord any reasonable interpretation to the provisions in the Primary Policies, and refused to accord any reasonable application of such provisions to Vita Craft's coverage claims;

    (c)    Failed to provide Vita Craft with an adequate and timely explanation for the true basis of its initial denial of coverage, as evidenced by Hartford's subsequent acceptance of its duty to defend upon receipt of the deposition transcript of Amil Ablah which did not alter the allegations of the First Amended Complaint;

    (d)    Refused to undertake the defense of Vita Craft in the TSI Lawsuit before July 30, 2010, based upon the allegations in the First Amended Complaint; and

    (e)    Refused to pay Vita Craft all otherwise un-reimbursed amounts incurred by Vita Craft in defense of the TSI Lawsuit.

CC 2327830v4

57.     Hartford's above-described actions and omissions with regard to the subject claim constitute a breach of its duty of good faith and fair dealing owed to its insureds.

58.     As a direct consequence of Hartford's breach of its duty of good faith and fair dealing, Vita Craft has incurred damages and substantial attorneys' fees and costs.

59.     As a direct and proximate result of the Hartford's breach of its duty of good faith and fair dealing, Hartford is liable to Vita Craft for damages in an amount yet to be ascertained for all costs of defense and other sums incurred to date by Vita Craft, or which may be incurred, together with the costs and disbursements of this action, including, but not limited to, reasonable attorneys' fees and costs, based in part on K.S.A. 40-256, pre- and post-judgment interest, other consequential damages, punitive damages in such sum as the fact finder determines to be fair and reasonable under the circumstances and which will serve to punish Hartford and deter it from similar conduct in the future, and any such other relief that the Court deems just and proper.

## PRAYER FOR RELIEF AGAINST HARTFORD

WHEREFORE, Vita Craft respectfully prays for a judgment against Hartford for the following:

(a)     Payment in excess of $75,000 for outstanding defense fees and costs incurred in the TSI Lawsuit on or before July 29, 2010;

(b)     Payment of all additional defense fees and costs incurred in the TSI Lawsuit on or after July 30, 2010;

(c)     Pre-judgment and post-judgment interest based upon and added to the damages as allowed by law;

(d)     Attorneys' fees and costs associated with this action, based in part on K.S.A. 40-256;

CC 2327830v4

(e)     Other consequential damages, if applicable;

(f)     Punitive damages in such sum as the fact finder determines to be fair and

reasonable under the circumstances and that will serve to punish Hartford and

deter it from similar conduct in the future;

(g)     A declaration that Hartford is obligated to defend Vita Craft under the Primary

Policies with respect to the TSI Lawsuit; and

(h)     Such other and further relief to which Vita Craft may be entitled or as the Court

may deem just and proper.

## COUNTERCLAIM PLAINTIFF'S DEMAND FOR JURY TRIAL

Counterclaim Plaintiff, by its counsel, hereby respectfully request a trial by jury on all issues so triable.

Dated:  January 25, 2010                 Respectfully submitted,

LATHROP & GAGE LLP

By:     /s/ Michael J. Abrams
        Michael J. Abrams - KS #15407
        mabrams@lathropgage.com
        Kimberly K. Winter – KS#17912
        kwinter@lathropgage.com
        2345 Grand Boulevard, Suite 2200
        Kansas City, Missouri 64108-2618
        Telephone:  (816) 292-2000
        Telecopier:  (816) 292-2001

        ATTORNEYS FOR DEFENDANT
        VITA CRAFT CORPORATION

CC 2327830v4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 25th day of January, 2011, I filed the above pleading with the

District of Kansas CM/ECF system, which will send a notice of filing to:

John G. Schultz
FRANKE SCHULTZ & MULLEN, P.C.
8900 Ward Parkway
Kansas City, MO 64114
jschultz@fsmlawfirm.com

ATTORNEYS FOR PLAINTIFF HARTFORD FIRE INSURANCE COMPANY


Todd N. Tedesco
FOULSTEIN SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466

ATTORNEYS FOR CO-DEFENDANT THERMAL SOLUTIONS, INC.


I further certify that a copy was deposited in the United States mail, postage prepaid,

addressed to:

Perry M. Shoris
LEWIS BRISBOIS BISGAARD & SMITH, LLP
550 West Adams Street, Suite 300
Chicago, IL 60661


/s/ Michael J. Abrams
An Attorney for Defendant Vita Craft Corporation

CC 2327830v4